**RELIANCE INSURANCE COMPANY,**
**Appellant.**

v.

**DENTON CENTRAL APPRAISAL**
**DISTRICT, Appellee.**

**Denton Central Appraisal**
**District, Appellant.**

v.

**Reliance Insurance Company, Appellee.**

**No. 2–97–330–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 26, 1999.

---

Brusiak, Clement, Harrison & McCool, P.C., John Brusiak, Jr., Hughes & Luce, L.L.P., D. Randall Johnson, Dallas, for Appellant/Cross Appellee.

Law Office of Robert E. Luna, P.C., Randel B. Gibbs, Dallas, for Appellee/Cross Appellant.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Reliance Insurance Company (Reliance) and Denton Central Appraisal District (Denton) both appeal from a take-nothing judgment for Denton in this tax appraisal case. For the reasons set out below, we affirm the trial court's judgment.

### Background Facts & Procedural History

In 1994 and 1995, Reliance owned improved real property in the Lakepointe Shopping Center in Lewisville, Denton County, Texas (the Property). The Property was listed on Denton's tax rolls in five separate accounts. Denton assessed separate values for the land and improvements on the Property.

In 1994, Denton notified Reliance that the value of the Property had been appraised at $13,072,529 for tax year 1994. Of that amount, $4,948,083 was allocated to land, and $8,124,446 was allocated to improvements. In 1995, Denton notified Reliance that the value of the Property had been appraised at $14,528,672 for 1995— $5,072,655 allocated to land, and $9,456,017 allocated to improvements.

Reliance protested the valuations to the Denton County Appraisal Review Board. After a hearing, the Board upheld Denton's determinations as to the appraised value of the Property. Reliance timely paid the property taxes assessed on the Property as a result of the appraisals and also petitioned the Denton County District Court for a review of the Board's determinations.

After amending its pleadings several times in the trial court, Reliance abandoned its appeal as to the appraised value of the improvements and only sought judicial review of the appraised value of the land under section 42.26 of the tax code. Denton then challenged the trial court's jurisdiction to grant the relief Reliance sought. Because Reliance no longer complained that the Property as a whole (i.e.,

both land and improvements) had been unequally appraised, Denton asserted that Reliance had failed to allege injury as a matter of law.

The trial court denied Denton's plea to the jurisdiction, and the case went to trial. Following a bench trial, the trial court rendered a take-nothing judgment against Reliance. Both parties appeal from the trial court's judgment.

### Denton's Appeal

Denton raises a single issue on appeal: Does section 42.26 of the tax code provide a remedy, and jurisdiction to grant that remedy, for a property owner who only challenges the appraised value of the land segment of property consisting of both land and improvements, but does not claim the total appraised value of the land and improvements is unequal?

Denton contends section 42.26 provides no such remedy and, because Reliance abandoned its claim that the total appraised value of the Property was unequal, the trial court had no jurisdiction to consider Reliance's limited complaint about the appraised value of the land, alone. Denton further contends the issue of whether the land component of the Property was unequally or equally appraised "was nothing more than an incomplete part of a cause of action."

Regardless of whether Reliance was entitled to relief under section 42.26, Denton's issue does not call the trial court's jurisdiction into question. Instead, it is an assertion that Reliance failed to plead and prove that it suffered any damages due to the alleged unequal appraisal of the land portion of the Property. Indeed, in its reply brief, Denton argues:

> To prevail in its claim of unequal appraisal, Reliance must show that it actually suffered injury.... Reliance may choose to assert that only the land portion of its subject property was unequally appraised, but Reliance still has to plead and prove that the result of such

alleged unequal land appraisal was [an] unequal appraisal of the property as a whole.

■ It is axiomatic that whether a party has suffered injury is an element of nearly every cause of action. In this situation, injury is proven by establishing that an appraisal district appraised a property unequally. *See* Tex. Tax Code Ann. § 42.26(a) (Vernon 1992). However, while a party's failure to plead and prove injury will, as Denton has pointed out, generally prevent the party from prevailing on its claim, such failure does not deprive the trial court of jurisdiction over the case. If Denton's position were correct, the trial court would have lost jurisdiction merely because Reliance's live pleading omitted an element of its cause of action. Pleading defects are challengeable via special exception. *See* Tex.R. Civ. P. 90; *Fort Bend County v. Wilson,* 825 S.W.2d 251, 253 (Tex.App.—Houston [14th Dist.] 1992, no writ). Summary judgment—not dismissal for want of jurisdiction—is generally proper when a party refuses to amend to state a cause of action after being given an opportunity to do so. *See Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998); *Wilson,* 825 S.W.2d at 253. Accordingly, the trial court did not err by denying Denton's plea to the jurisdiction. We overrule Denton's sole issue on appeal.

### Reliance's Appeal

In four issues, Reliance challenges the trial court's findings of fact and conclusions of law that the five noncontiguous tracts comprising the Property could be valued for ad valorem purposes as though they were a single economic unit with one highest and best use. Reliance also complains that some of Denton's evidence was improperly based on "sales chasing."

■ To prevail on its claim, however, Reliance had to prove that the Property was appraised unequally, regardless of whether the "correct" appraisal method was used. Unequal appraisal is established by showing that the appraisal ratio

of the subject property "exceeds by at least 10 percent the median level of appraisal of ... a sample of properties in the appraisal district consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property subject to the appeal." Tex. Tax Code Ann. § 42.26(a)(2).

The trial court made numerous findings of fact and conclusions of law concerning Reliance's unequal appraisal claim that Reliance does not challenge. For instance, the trial court found:

- The appraisal ratio of the Property was not greater than 87 percent in 1994, or greater than 89.5 percent in 1995;

- The median level of appraisal for similar properties in the appraisal district was at least 83.22 percent in 1994 and at least 85.41 percent in 1995;

- Thus, the appraisal ratio of the Property did not exceed the median level of appraisal by at least 10 percent in 1994 or 1995; and

- Reliance failed to prove that the appraisal ratio of the Property exceeded by at least 10 percent the median level of appraisal.

Based on these findings, the trial court concluded that the Property was not appraised unequally in 1994 or 1995. Reliance does not challenge this conclusion of law.

■ Findings of fact entered in a case tried to the bench have the same force and dignity as a jury's answers to jury questions. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the findings. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986). The findings will be sustained if there is any evidence to support them, and the appellate court will review the legal conclusions drawn from the facts found to

determine their correctness. *See Forbis v. Trinity Universal Ins. Co.,* 833 S.W.2d 316, 319 (Tex.App.—Fort Worth 1992, writ dism'd).

Reliance concedes in its brief that there is some evidence to support the unchallenged findings, including:

- evidence that the appraisal ratio of the tracts comprising the Property was 87 percent for 1994 and 89.5 percent for 1995; and
- evidence that the median appraisal ratio for similar properties in the appraisal district was 99.89 percent for 1994 and 99.98 percent for 1995.

Additionally, there is other evidence in the record that the median appraisal ratio for 1994 was 83.22 percent, and 85.41 percent for 1995.

On appeal, Reliance contends this evidence, which was presented by Denton's experts, is not competent because it is based on flawed methodology (i.e., it is unreliable). To preserve a complaint that expert testimony or evidence is unreliable, a party must object before trial or when the evidence is offered. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 410–11 (Tex.), *cert. denied,* — U.S. —, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238 (1999). The trial court is the gatekeeper of expert evidence, and appellate courts cannot usurp that function. *See Ellis,* 971 S.W.2d at 411. It is the complaining party's burden to provide the appellate court with record references showing that a complaint was preserved below. *See Fredonia State Bank v. General Am. Life Ins. Co.,* 881 S.W.2d 279, 283 (Tex. 1994); *Hall v. Stephenson,* 919 S.W.2d 454, 467 (Tex.App.—Fort Worth 1996, writ denied); *see also* Tex.R.App. P. 38.1(f), (h). Reliance does not point to any place in the

record where it objected in the trial court concerning the reliability of this evidence,[1] and we are unable to find any such objections. While Reliance thoroughly and artfully cross-examined each of Denton's experts, it never objected or moved to strike their testimony on the theory it now raises on appeal. Accordingly, Reliance's complaint about the reliability of Denton's evidence is waived.

Because there is some evidence to support the trial court's unchallenged findings of fact, they are binding on Reliance. Moreover, the trial court's legal conclusion that the Property was not unequally appraised is correct in light of the unchallenged findings. Even if we were to conclude that the trial court's conclusions about the method of valuation were incorrect as a matter of law, the unchallenged findings and conclusion create an insurmountable barrier to Reliance's recovery. Because of our disposition of these four points, we do not need to address Reliance's issue regarding attorney's fees. We overrule Reliance's points and affirm the trial court's judgment.

---

1. Reliance points out that it did object to admission of some of this evidence as having been generated after the discovery cutoff. However, Reliance does not re-urge this objection on appeal, and to preserve error, the complaint on appeal must be the same as that presented in the trial court. *See Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997); *Rogers v. Stell,* 835 S.W.2d 100, 101 (Tex.1992).