RAMSEY V. MOODY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-325-CV

STEPHEN F. RAMSEY APPELLANT

V.

KEITH MOODY AND SANDRA MOODY APPELLEES

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a take-nothing judgment in favor of appellees Keith and Sandra Moody.  In three issues, appellant Stephen F. Ramsey complains about the trial court’s “fail[ure] to find” that (1) Ramsey was a consumer under the Texas Deceptive Trade Practices Act (DTPA), (2) no contractual relationship existed between Ramsey and the Moodys, and (3) the Moodys did not breach any contract with Ramsey.  We affirm.

Ramsey filed suit against the Moodys claiming that he contracted with Keith to restore a 1948 Ford truck.  Ramsey claimed that Keith was hired as an independent contractor, but Keith claimed that he was hired as an employee of Stated Value, which is Ramsey’s company.  Ramsey contended that Keith did not perform all the work he had promised to do and that Sandra did not fulfill her promise of making sure her husband did the work.  After a bench trial, the trial court entered a take-nothing judgment in favor of the Moodys.

Ramsey did not request, nor did the trial court file, findings of fact and conclusions of law.  In a trial to the court where no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.  
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  Where a reporter’s record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. 
 Roberson v. Robinson
, 768 S.W.2d 280, 281 (Tex. 1989).  Where such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact.  
Id
.

Here, Ramsey challenges the trial court’s judgment on factual sufficiency grounds.  However, he has not challenged the trial court’s implied finding that Ramsey did not prove damages.
(footnote: 2)  Unchallenged findings of fact are binding unless the contrary is established as a matter of law, or there is no evidence to support the findings.  
McGalliard v. Kuhlmann
, 722 S.W.2d 694, 696 (Tex. 1986); 
Reliance Ins. Co. v. Denton Cent. Appraisal Dist.
, 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet.).  
Thus, we must determine whether Ramsey proved his damages as a matter of law.

Ramsey testified that he paid Keith $9,000 for labor on the truck and $5,000 for parts.  He further testified that Keith provided him receipts for only $500 worth of parts and that Keith did not perform all the work and did not put all the parts into the truck that he claimed he did.  Ramsey said that he knew Keith did not put new brakes in the truck because two weeks after he sold it, the buyer told Ramsey the brakes had failed and sent Ramsey the old parts. Ramsey testified that he paid the buyer “almost $2,000“ and “$1,500“ for the failed brakes, but Ramsey did not personally inspect the truck after it was sold.  Ramsey admitted, however, that Keith did part of the work and replaced some of the parts.  Ramsey hired John Paulman to finish the work on the truck. Paulman testified that it took him “a good year” to finish the truck at $20 an hour, but he did not say how many hours he worked on the truck.

We hold that Ramsey did not prove damages as a matter of law.  During closing argument, Ramsey’s attorney asked the trial court to award Ramsey the amount he paid to Keith for parts and labor.  Although Ramsey had testified that Keith performed some of the work and replaced some of the parts, he did not specify the value of the services that actually were performed nor the parts that were replaced.  Ramsey also failed to introduce any evidence of the amount he paid Paulman to finish the work that he claimed Keith was supposed to complete.  Accordingly, the trial court’s implied finding that Ramsey did not prove damages is binding, and we overrule Ramsey’s three issues.

In their prayer, the Moodys claim that Ramsey’s appeal is frivolous and ask that we impose monetary sanctions.  Under rule 45, this court may award damages to a prevailing party if it determines that an appeal is frivolous.  
Tex. R. App. P.
 45.  Whether to award damages is within this court’s discretion.  
Clopton v. Pak
, 66 S.W.3d 513, 517 (Tex. App.—Fort Worth 2001, pet. denied).  Sanctions should be imposed only in egregious circumstances.  
Angelou v. African Overseas Union
, 33 S.W.3d 269, 282 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.).  We do not believe that this case warrants sanctions; therefore, we decline to impose monetary sanctions under rule 45.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: July 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
See
 
Tex. Bus. & Com. Code Ann. 
§ 17.50(a) (Vernon 2002); 
Doe v. Boys Clubs of Greater Dallas, Inc.
, 907 S.W.2d 472, 478 (Tex. 1995).