COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-325-CV
 
STEPHEN F. RAMSEY                                                               
  
     APPELLANT
V.
KEITH MOODY AND SANDRA MOODY       
           
           
        APPELLEES
------------
FROM THE 17
TH DISTRICT COURT OF TARRANT
COUNTY
------------
MEMORANDUM OPINION(1)
------------
This is an appeal from a
take-nothing judgment in favor of appellees Keith and Sandra Moody. In three
issues, appellant Stephen F. Ramsey complains about the trial court's "fail[ure]
to find" that (1) Ramsey was a consumer under the Texas Deceptive Trade
Practices Act (DTPA), (2) no contractual relationship existed between Ramsey and
the Moodys, and (3) the Moodys did not breach any contract with Ramsey. We
affirm.
Ramsey filed suit against the
Moodys claiming that he contracted with Keith to restore a 1948 Ford truck.
Ramsey claimed that Keith was hired as an independent contractor, but Keith
claimed that he was hired as an employee of Stated Value, which is Ramsey's
company. Ramsey contended that Keith did not perform all the work he had
promised to do and that Sandra did not fulfill her promise of making sure her
husband did the work. After a bench trial, the trial court entered a
take-nothing judgment in favor of the Moodys.
Ramsey did not request, nor did the
trial court file, findings of fact and conclusions of law. In a trial to the
court where no findings of fact or conclusions of law are filed, the trial
court's judgment implies all findings of fact necessary to support it. Pharo
v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996). Where a reporter's
record is filed, however, these implied findings are not conclusive, and an
appellant may challenge them by raising both legal and factual sufficiency of
the evidence issues. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.
1989). Where such issues are raised, the applicable standard of review is the
same as that to be applied in the review of jury findings or a trial court's
findings of fact. Id.
Here, Ramsey challenges the trial
court's judgment on factual sufficiency grounds. However, he has not challenged
the trial court's implied finding that Ramsey did not prove damages.(2)
Unchallenged findings of fact are binding unless the contrary is established as
a matter of law, or there is no evidence to support the findings. McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Reliance Ins. Co. v.
Denton Cent. Appraisal Dist., 999 S.W.2d 626, 629 (Tex. App.--Fort Worth
1999, no pet.). Thus, we must determine whether Ramsey proved his damages as a
matter of law.
Ramsey testified that he paid Keith
$9,000 for labor on the truck and $5,000 for parts. He further testified that
Keith provided him receipts for only $500 worth of parts and that Keith did not
perform all the work and did not put all the parts into the truck that he
claimed he did. Ramsey said that he knew Keith did not put new brakes in the
truck because two weeks after he sold it, the buyer told Ramsey the brakes had
failed and sent Ramsey the old parts. Ramsey testified that he paid the buyer
"almost $2,000" and "$1,500" for the failed brakes, but
Ramsey did not personally inspect the truck after it was sold. Ramsey admitted,
however, that Keith did part of the work and replaced some of the parts. Ramsey
hired John Paulman to finish the work on the truck. Paulman testified that it
took him "a good year" to finish the truck at $20 an hour, but he did
not say how many hours he worked on the truck.
We hold that Ramsey did not prove
damages as a matter of law. During closing argument, Ramsey's attorney asked the
trial court to award Ramsey the amount he paid to Keith for parts and labor.
Although Ramsey had testified that Keith performed some of the work and replaced
some of the parts, he did not specify the value of the services that actually
were performed nor the parts that were replaced. Ramsey also failed to introduce
any evidence of the amount he paid Paulman to finish the work that he claimed
Keith was supposed to complete. Accordingly, the trial court's implied finding
that Ramsey did not prove damages is binding, and we overrule Ramsey's three
issues.
In their prayer, the Moodys claim
that Ramsey's appeal is frivolous and ask that we impose monetary sanctions.
Under rule 45, this court may award damages to a prevailing party if it
determines that an appeal is frivolous. Tex. R. App. P. 45. Whether to award
damages is within this court's discretion. Clopton v. Pak, 66 S.W.3d
513, 517 (Tex. App.--Fort Worth 2001, pet. denied). Sanctions should be imposed
only in egregious circumstances. Angelou v. African Overseas Union, 33
S.W.3d 269, 282 (Tex. App.--Houston [14th Dist.] 2000, no pet.). We
do not believe that this case warrants sanctions; therefore, we decline to
impose monetary sanctions under rule 45.
 
We affirm the trial court's
judgment.
 
                                                            PER
CURIAM
 
PANEL F: LIVINGSTON, J.; CAYCE, C.J.;
and WALKER, J.
DELIVERED: July 17, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Bus. & Com. Code Ann. § 17.50(a)
(Vernon 2002); Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d
472, 478 (Tex. 1995).