Irene B. Gregorian v. Terry Ewell

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-010-CV

IRENE B. GREGORIAN, MIKE APPELLANTS

BOODAGH, HOME AMERICA, INC., 

AND THANKSGIVING REALTY 

V.

TERRY EWELL AND NINA EWELL APPELLEES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION

In this case, appellees Terry and Nina Ewell sought damages arising from the purchase of a house from appellants 
Irene B. Gregorian, Mike Boodagh, Home America, Inc., and Thanksgiving Realty.
  After discovering structural defects in the house that appellants allegedly failed to disclose, 
appellees filed suit asserting various causes of action, including violations of the Deceptive Trade Practices Act (“DTPA”) and the Real Estate Practice Act
, and statutory fraud under the Texas Business and Commerce Code (“TBBC”).
(footnote: 2)  
The trial court entered judgment for appellees finding appellants committed fraud in the sale of real estate with actual knowledge in violation of the TBBC and knowingly violated the DTPA
.  The damages included $50,000 in actual damages, $10,000 in additional damages, and $20,000 in attorney’s fees.  In three issues, appellants complain that the trial court erred in permitting three of appellees’ expert witnesses to testify and in entering judgment on behalf of appellee Nina Ewell.  We affirm.

II.  A
PPELLEES’
 E
XPERT
 W
ITNESSES

In their first and second issues, appellants complain that the trial court abused its discretion in permitting three of appellees’ expert witnesses to testify at trial because appellees allegedly failed to adequately respond to a Rule 194 Request for Disclosure regarding their experts.  
See 
Tex. R. Civ. P.
 194.2(f).  In response, appellees argue that the trial court did not abuse its discretion because there was adequate disclosure.

The discovery rule requiring disclosure of experts before trial is intended to provide adequate information about the experts’ opinions to allow the opposing party the necessary information to prepare to cross-examine the experts and to rebut the testimony with their own experts.  
Taylor Foundry Co. v. Wichita Falls Grain Co.
, 51 S.W.3d 766, 773 (Tex. App.—Fort Worth 2001, 
no pet
.).  Further, “[t]he trial court is the gatekeeper of expert evidence, and appellate courts cannot usurp that function.”  
Reliance Ins. Co. v. Denton Cent. Appraisal Dist.
, 999 S.W.2d 626, 630 (Tex. App.—Fort Worth 1999,
 no pet
.).  In reviewing a trial court’s decision in the area of discovery, we apply an abuse of discretion standard.  
Vingcard A.S.
 
v. Merrimac Hospitality Sys., Inc.
, 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, 
pet. denied
).  

Texas Rule of Civil Procedure 194.2(f) requires a party designating a testifying expert to list (1) the name, address, and telephone number of the expert; (2) the subject matter on which the expert will testify; (3) the general substance of the expert’s mental impressions and opinions and a brief summary of the basis for them; and (4) if the expert was retained by the responding party or under control of the responding party (a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert’s testimony, and (b) the expert’s current resume and bibliography.  
Tex. R. Civ. P.
 194.2(f).  Texas Rule of Civil Procedure 193.6(a) provides for the exclusion of a witness (other than the named party) who was not timely identified. 
 Tex. R. Civ. P.
 193.6(a)(1), (2).

The record shows that appellees first designated their testifying experts, contractors J.D. Taylor and Richard Childers and attorney Brad Jackson, on October 11, 2001, the deadline mandated by the pretrial scheduling order.  On November 12, 2001, appellees responded to appellants’ requests for disclosures, designating their expert as follows:

2. Mr. J.D. Taylor, Associated Restoration Technologies, Inc., 1339 Blue Teal Court, Southlake, Texas, 76209, (817) 329-4913. 

Mr. J.D. Taylor is a general contractor [sic] that was retained to provide an estimate for the repair of structural and cosmetic damage to [appellees’] home.  His opinion [sic] concerning the remedial process are based upon his education, training, and experience in the field, as well as an inspection of [appellees’] home.  Mr. Taylor will testify regarding all of the necessary structural and cosmetic repairs required to restore [appellees’] property, the various methods of repairs, . . . include[d] the added repairs that may be necessary when the foundation is ultimately leveled.  A copy of [an] estimate for repairs will be supplemented.

3.  Mr. Richard Childers, Abacus Foundation Repair, 333 White Rock Road, Italy, Texas 76651[,] (972) 406-9000.

Mr. Childers was retained to provide an estimate for the reasonable and necessary costs of repairing [appellees’] foundation.  Mr. Childers has extensive experience with repairing residential and commercial foundations and will regarding [sic] the procedures and method for repairing [appellees’] foundation.  A copy of an estimate for repairs will be supplemented.

4.  Brad Jackson, 3701 Turtle Creek Blvd., Ste. 12G, Dallas, Texas 75219, (214) 526-7800 . . . .

[Mr. Jackson] will testify to [appellees’] attorney’s fees in this case. [He is] of the opinion that an hourly rate of $175.00 is a reasonable legal fee to charge in Tarrant County, Texas based on [his] experience and the nature of this case.  [He is] also of the opinion that 40% of the amount in controversy in this case would also be a reasonable to charge [sic] in this case. [He] cannot, however give [his] opinion on the total amount of attorney’s fees since these fees are on-going and will continue to be incurred up to and through trial.  The total fees incurred in this matter will be based upon the time spent related to the preparation of th[e] case, including, but not limited to issues regarding pleadings, discovery, correspondence, damages, experts, research, preparation of and trial of this matter, as well as any subsequent appeal of this case.  It is estimated that the total attorney’s fees incurred by [appellees] in the prosecution of this matter through trial will be in the range of $35,000.00 to $40,000.00.  In addition, it is estimated that attorney’s fees for any subsequent appeal of this matter through appeal to the Texas Supreme Court will be in the range of $20,000.00 to $30,000.00.

On April 19, 2002, appellees filed their first supplemental responses to appellants’ request for disclosure, which included an estimate for cosmetic repairs in the amount of $26,553.40 from Taylor and an estimate for foundation repair in the amount of $51,700 from Childers, along with their handwritten notes from their inspections of appellees’ home.  On May 21, 2002, during trial, appellants for the first time filed their motions to strike the expert witnesses and objected before each of the experts’ testimony. After hearing appellants’ argument and appellees’ response detailing what they had produced, the trial court denied the motions.

After considering the foregoing, we cannot say that the trial court abused its discretion by concluding that appellees’ designations were adequate.  
See Elhamad v. Quality Oil Trucking
, No. 2-02-412-CV, 2003 WL 22211543, at *6-7 (Tex. App.—Fort Worth Sept. 25, 2003, 
no pet
.) (mem. op.).  We overrule appellants’ first and second issues.

III.  J
UDGMENT
 
FOR
 N
INA
 E
WELL

In their third issue, appellants complain that the trial court erred in entering a judgment on behalf of appellee Nina Ewell in light of the uncontroverted testimony that she was not a purchaser of the property and not married to appellee Terry Ewell at the time of the purchase.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). 
Here, appellants failed to properly preserve this issue for our review.  Therefore, the issue is  waived.  
Id.  
We overrule appellants’ third issue.  

IV.  C
ONCLUSION

Having overruled all of appellants’ issues on appeal, we affirm the judgment of the trial court.  

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2: 
See
 
Tex. Bus. & Com. Code Ann.
 § 27.01 (Vernon 2002).