COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-03-010-CV

  
IRENE 
B. GREGORIAN, MIKE                                                 APPELLANTS
BOODAGH, 
HOME AMERICA, INC.,
AND 
THANKSGIVING REALTY
 
V.
 
TERRY 
EWELL AND NINA EWELL                                             APPELLEES
 
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        In 
this case, appellees Terry and Nina Ewell sought damages arising from the 
purchase of a house from appellants Irene B. Gregorian, Mike Boodagh, Home 
America, Inc., and Thanksgiving Realty. After discovering structural defects in 
the house that appellants allegedly failed to disclose, appellees filed suit 
asserting various causes of action, including violations of the Deceptive Trade 
Practices Act (“DTPA”) and the Real Estate Practice Act, and statutory fraud 
under the Texas Business and Commerce Code (“TBBC”).[2] 
The trial court entered judgment for appellees finding appellants committed 
fraud in the sale of real estate with actual knowledge in violation of the TBBC 
and knowingly violated the DTPA. The damages included $50,000 in actual damages, 
$10,000 in additional damages, and $20,000 in attorney’s fees. In three 
issues, appellants complain that the trial court erred in permitting three of 
appellees’ expert witnesses to testify and in entering judgment on behalf of 
appellee Nina Ewell. We affirm.
II. APPELLEES’ 
EXPERT WITNESSES
        In 
their first and second issues, appellants complain that the trial court abused 
its discretion in permitting three of appellees’ expert witnesses to testify 
at trial because appellees allegedly failed to adequately respond to a Rule 194 
Request for Disclosure regarding their experts. See Tex. R. Civ. P. 194.2(f). In response, 
appellees argue that the trial court did not abuse its discretion because there 
was adequate disclosure.
        The 
discovery rule requiring disclosure of experts before trial is intended to 
provide adequate information about the experts’ opinions to allow the opposing 
party the necessary information to prepare to cross-examine the experts and to 
rebut the testimony with their own experts. Taylor Foundry Co. v. Wichita 
Falls Grain Co., 51 S.W.3d 766, 773 (Tex. App.—Fort Worth 2001, no pet.). 
Further, “[t]he trial court is the gatekeeper of expert evidence, and 
appellate courts cannot usurp that function.” Reliance Ins. Co. v. Denton 
Cent. Appraisal Dist., 999 S.W.2d 626, 630 (Tex. App.—Fort Worth 1999, no 
pet.). In reviewing a trial court’s decision in the area of discovery, we 
apply an abuse of discretion standard. Vingcard A.S. v. Merrimac Hospitality 
Sys., Inc., 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied).
        Texas 
Rule of Civil Procedure 194.2(f) requires a party designating a testifying 
expert to list (1) the name, address, and telephone number of the expert; (2) 
the subject matter on which the expert will testify; (3) the general substance 
of the expert’s mental impressions and opinions and a brief summary of the 
basis for them; and (4) if the expert was retained by the responding party or 
under control of the responding party (a) all documents, tangible things, 
reports, models, or data compilations that have been provided to, reviewed by, 
or prepared by or for the expert in anticipation of the expert’s testimony, 
and (b) the expert’s current resume and bibliography. Tex. R. Civ. P. 194.2(f). Texas Rule of Civil 
Procedure 193.6(a) provides for the exclusion of a witness (other than the named 
party) who was not timely identified. Tex. R. Civ. P. 193.6(a)(1), (2).
        The 
record shows that appellees first designated their testifying experts, 
contractors J.D. Taylor and Richard Childers and attorney Brad Jackson, on 
October 11, 2001, the deadline mandated by the pretrial scheduling order. On 
November 12, 2001, appellees responded to appellants’ requests for 
disclosures, designating their expert as follows:
  
        2. 
Mr. J.D. Taylor, Associated Restoration Technologies, Inc., 1339 Blue Teal 
Court, Southlake, Texas, 76209, (817) 329-4913.

Mr. 
J.D. Taylor is a general contractor [sic] that was retained to provide an 
estimate for the repair of structural and cosmetic damage to [appellees’] 
home. His opinion [sic] concerning the remedial process are based upon his 
education, training, and experience in the field, as well as an inspection of 
[appellees’] home. Mr. Taylor will testify regarding all of the necessary 
structural and cosmetic repairs required to restore [appellees’] property, the 
various methods of repairs, . . . include[d] the added repairs that may be 
necessary when the foundation is ultimately leveled. A copy of [an] estimate for 
repairs will be supplemented.
   
3. 
Mr. Richard Childers, Abacus Foundation Repair, 333 White Rock Road, Italy, 
Texas 76651[,] (972) 406-9000.
 
Mr. 
Childers was retained to provide an estimate for the reasonable and necessary 
costs of repairing [appellees’] foundation. Mr. Childers has extensive 
experience with repairing residential and commercial foundations and will 
regarding [sic] the procedures and method for repairing [appellees’] 
foundation. A copy of an estimate for repairs will be supplemented.
 
4. 
Brad Jackson, 3701 Turtle Creek Blvd., Ste. 12G, Dallas, Texas 75219, (214) 
526-7800 . . . .
 
[Mr. 
Jackson] will testify to [appellees’] attorney’s fees in this case. [He is] 
of the opinion that an hourly rate of $175.00 is a reasonable legal fee to 
charge in Tarrant County, Texas based on [his] experience and the nature of this 
case. [He is] also of the opinion that 40% of the amount in controversy in this 
case would also be a reasonable to charge [sic] in this case. [He] cannot, 
however give [his] opinion on the total amount of attorney’s fees since these 
fees are on-going and will continue to be incurred up to and through trial. The 
total fees incurred in this matter will be based upon the time spent related to 
the preparation of th[e] case, including, but not limited to issues regarding 
pleadings, discovery, correspondence, damages, experts, research, preparation of 
and trial of this matter, as well as any subsequent appeal of this case. It is 
estimated that the total attorney’s fees incurred by [appellees] in the 
prosecution of this matter through trial will be in the range of $35,000.00 to 
$40,000.00. In addition, it is estimated that attorney’s fees for any 
subsequent appeal of this matter through appeal to the Texas Supreme Court will 
be in the range of $20,000.00 to $30,000.00.
  
        On 
April 19, 2002, appellees filed their first supplemental responses to 
appellants’ request for disclosure, which included an estimate for cosmetic 
repairs in the amount of $26,553.40 from Taylor and an estimate for foundation 
repair in the amount of $51,700 from Childers, along with their handwritten 
notes from their inspections of appellees’ home. On May 21, 2002, during 
trial, appellants for the first time filed their motions to strike the expert 
witnesses and objected before each of the experts’ testimony. After hearing 
appellants’ argument and appellees’ response detailing what they had 
produced, the trial court denied the motions.
        After 
considering the foregoing, we cannot say that the trial court abused its 
discretion by concluding that appellees’ designations were adequate. See 
Elhamad v. Quality Oil Trucking, No. 2-02-412-CV, 2003 WL 22211543, at *6-7 
(Tex. App.—Fort Worth Sept. 25, 2003, no pet.) (mem. op.). We overrule 
appellants’ first and second issues.
III. JUDGMENT FOR NINA EWELL
        In 
their third issue, appellants complain that the trial court erred in entering a 
judgment on behalf of appellee Nina Ewell in light of the uncontroverted 
testimony that she was not a purchaser of the property and not married to 
appellee Terry Ewell at the time of the purchase. To preserve a complaint for 
our review, a party must have presented to the trial court a timely request, 
objection, or motion that states the specific grounds for the desired ruling if 
they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  If a party fails 
to do this, error is not preserved, and the complaint is waived. Bushell v. 
Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). Here, appellants 
failed to properly preserve this issue for our review. Therefore, the issue is 
waived. Id. We overrule appellants’ third issue.
IV. CONCLUSION
        Having 
overruled all of appellants’ issues on appeal, we affirm the judgment of the 
trial court.

  
                                                                           BOB 
MCCOY
                                                                           JUSTICE

  
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DELIVERED: 
February 26, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 2002).