IN THE INTEREST OF E.D.G., A CHILD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-302-CV

IN THE INTEREST OF E.D.G., A CHILD 

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In what he denominates as six “issues for review,” David Greubel, appearing 
pro se
, brings forth six complaints in connection with a trial that resulted in an increase in the amount of child support he is required to pay.  We affirm.

II.  Background

David Greubel and Susan Diane Dukes were divorced in 2002, and each parent was awarded equal possession of their children.  Because of the equal time sharing, Greubel was ordered to pay only $300 in child support.  As it turned out, however, Greubel’s business often took him out of town and Dukes ended up taking care of the children more than half of the time.  In 2004, the IV-D Child Support Monitoring Program of Tarrant County petitioned to modify Greubel’s child support, and Greubal filed a counter-petition in response. Following a recommendation order by the associate judge, Gruebel appealed to the district judge, who nevertheless signed the recommended order but later granted Greubel a new trial.  Finally, the case was heard on August 30, 2004, after which the district court ordered Gruebel to increase his child support payments to $550 per month, prompting this appeal. 

We abated the appeal and ordered findings of fact from the trial court
 
that
 have not been challenged
, and are as follows:

1. The monthly net resources of the obligor, David Greubel, per month are $5,014.38.

2. The monthly net resources of the obligee, Susan Dukes, per month are slightly more than $1,709.  (The record does not show definitively how much more.)

3. The percentage applied to the obligor’s net resources for child support by the actual order rendered by the court is approximately 11%.

4. The amount of child support if the percentage guidelines are applied to the first $6,000 of the obligor’s net resources is $1,002.88.

5. The reason that the amount of child support ordered by the court varies from the amount stated in [paragraph] 4 above is that the obligor has possession of the child a greater percentage of the time than obligors do in the usual case.

6. The obligor is not obliged to support children in more than one household.

The trial court had also previously found in its Order in Suit to Modify Parent-Child Relationship that “the material allegations in the Petition to Modify Support in Suit Affecting the Parent-Child Relationship are true and the requested modification is in the best interest of the children.”  These allegations include that “[t]he circumstances of the children or a person affected by the order to be modified have materially and substantially changed since the rendition of the order. . . .”  
This finding has also not been challenged
.

III.  Greubel’s Complaints

Pursuant to Texas Rules of Appellate Procedure Rule 38.9, we are required to liberally construe briefing before this court that is necessary in this appeal.  
Tex. R. App. P.
 38.9.  Specifically, Greubel denominates his complaints as “Bias of Tarrant County Domestic Relations Office,” “Mediated agreement,” “Perjury,” “False reporting of income,” “Underemployment of Appellee,” and “Threatened by Judge Sullivan.”  He cites no case law authority in support of his “issues for review.”
  We construe Greubel’s six “issues for review,” to the extent we can determine that anything is presented to review, to be a factual sufficiency complaint regarding the increase in his child support payment and a request for a new trial. 

III.  Standard of Review

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.  
Ortiz v. Jones,
 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel,
 881 S.W.2d 295, 297 (Tex. 1994).
  
Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the findings.  
McGalliard v. Kuhlmann
, 722 S.W.2d 694, 696 (Tex. 1986); 
Reliance Ins. Co. v. Denton Cent. Appraisal Dist.
, 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet.).

IV.  Application

The standard for modification of child support payments is set out in Texas Family Code Section 156.401(a), which in pertinent part reads as follows: 

(a) Except as provided by Subsection (b), the court may modify an order that provides for the support of a child if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the earlier of:

(A) the date of the order’s rendition; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based; or

(2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

Tex. Fam. Code Ann.
 § 156.401(a) (Vernon 2005).

A review of the record indicates there is evidence for all of the trial court’s unchallenged findings.  Importantly, the trial court determined that adherence to the statutory guidelines would require a monthly child support payment that greatly exceeded the amount that Grubel was actually ordered to pay, but the trial judge reduced the amount recommended by the statutory guidelines because of the quantity of time that Gruebel spent with the children.  We find support in the record for the decision of the trial court and therefore overrule Grubel’s “issues for review.”

V.  Conclusion

The judgment of the trial court is affirmed. 

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.