COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-302-CV

 

 

IN THE INTEREST OF E.D.G., A CHILD                                                    

 

                                                    

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In what he denominates as six
Aissues for review,@ David Greubel, appearing pro se, brings forth six complaints
in connection with a trial that resulted in an increase in the amount of child
support he is required to pay.  We
affirm.

 

 








II.  Background

David Greubel and Susan Diane
Dukes were divorced in 2002, and each parent was awarded equal possession of
their children.  Because of the equal
time sharing, Greubel was ordered to pay only $300 in child support.  As it turned out, however, Greubel=s business often took him out of town and Dukes ended up taking care
of the children more than half of the time. 
In 2004, the IV-D Child Support Monitoring Program of Tarrant County
petitioned to modify Greubel=s child support, and Greubal filed a counter-petition in response.
Following a recommendation order by the associate judge, Gruebel appealed to
the district judge, who nevertheless signed the recommended order but later granted
Greubel a new trial.  Finally, the case
was heard on August 30, 2004, after which the district court ordered Gruebel to
increase his child support payments to $550 per month, prompting this appeal. 

We abated the appeal and
ordered findings of fact from the trial court that have not been
challenged, and are as follows:

1.     The monthly net resources of the obligor, David Greubel, per
month are $5,014.38.

 

2.     The monthly net resources of the obligee, Susan Dukes, per month
are slightly more than $1,709.  (The
record does not show definitively how much more.)

 








3.     The percentage applied to the obligor=s net
resources for child support by the actual order rendered by the court is
approximately 11%.

 

4.     The amount of child support if the percentage guidelines are
applied to the first $6,000 of the obligor=s net resources is $1,002.88.

 

5.     The reason that the amount of child support ordered by the court
varies from the amount stated in [paragraph] 4 above is that the obligor has
possession of the child a greater percentage of the time than obligors do in
the usual case.

 

6.     The obligor is not obliged to support children in more than one
household.

 

The trial court had also previously
found in its Order in Suit to Modify Parent-Child Relationship that Athe material allegations in the Petition to Modify Support in Suit
Affecting the Parent-Child Relationship are true and the requested modification
is in the best interest of the children.@  These allegations include that
A[t]he circumstances of the children or a person affected by the order
to be modified have materially and substantially changed since the rendition of
the order. . . .@  This finding has also not been challenged.

III.  Greubel=s Complaints








Pursuant to Texas Rules of
Appellate Procedure Rule 38.9, we are required to liberally construe briefing
before this court that is necessary in this appeal.  Tex.
R. App. P. 38.9.  Specifically,
Greubel denominates his complaints as ABias of Tarrant County Domestic Relations Office,@ AMediated
agreement,@ APerjury,@ AFalse reporting of income,@ AUnderemployment
of Appellee,@ and AThreatened by Judge Sullivan.@  He cites no case law authority
in support of his Aissues for
review.@  We construe Greubel=s six Aissues for
review,@ to the extent we can determine that anything is presented to review,
to be a factual sufficiency complaint regarding the increase in his child
support payment and a request for a new trial. 

III.  Standard of
Review

Findings of fact entered in a case tried to the court have
the same force and dignity as a jury's answers to jury questions.  Anderson v. City of Seven Points, 806
S.W.2d 791, 794 (Tex. 1991).  The trial
court's findings of fact are reviewable for legal and factual sufficiency of
the evidence to support them by the same standards that are applied in
reviewing evidence supporting a jury's answer. 
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  Unchallenged findings of fact are binding
unless the contrary is established as a matter of law or there is no evidence
to support the findings.  McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); Reliance Ins. Co. v.
Denton Cent. Appraisal Dist., 999 S.W.2d 626, 629 (Tex. App.CFort Worth 1999,
no pet.).

 

 








IV.  Application

The standard for modification
of child support payments is set out in Texas Family Code Section 156.401(a),
which in pertinent part reads as follows: 

(a)     Except as provided by Subsection (b), the court may modify an
order that provides for the support of a child if:

 

(1)    the circumstances of the child or a person affected by the order
have materially and substantially changed since the earlier of:

 

(A)    the date of the order=s rendition; or

 

(B)    the date of the signing of a mediated or collaborative law
settlement agreement on which the order is based; or

 

(2)    it has been three years since the order was rendered or last
modified and the monthly amount of the child support award under the order
differs by either 20 percent or $100 from the amount that would be awarded in
accordance with the child support guidelines.

 

Tex. Fam. Code Ann. ' 156.401(a)
(Vernon 2005).








A review of the record
indicates there is evidence for all of the trial court=s unchallenged findings. 
Importantly, the trial court determined that adherence to the statutory
guidelines would require a monthly child support payment that greatly exceeded
the amount that Grubel was actually ordered to pay, but the trial judge reduced
the amount recommended by the statutory guidelines because of the quantity of
time that Gruebel spent with the children. 
We find support in the record for the decision of the trial court and
therefore overrule Grubel=s Aissues for review.@

V.  Conclusion

The judgment of the trial
court is affirmed. 

 

PER CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
November 3, 2005











[1]See Tex. R. App. P. 47.4.