# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00218-CV

**Rox Covert, Duke Covert and Danay Covert, Appellants**

**v.**

**Williamson Central Appraisal District, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 01-466-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## O P I N I O N

In this appeal, we decide whether a taxpayer is entitled under section 42.26 of the tax code to challenge only the land component of an ad valorem property tax appraisal of improved land, without claiming that the total appraised value of the property is unequal. *See* Tex. Tax Code Ann. § 42.26(a)(3) (West Supp. 2007).[1] Appellants Rox Covert, Duke Covert and Danay Covert sued Williamson Central Appraisal District ("WCAD")[2] in district court, challenging WCAD's appraisal of five separate tracts of land, three of which are improved with car dealerships, on the grounds that they were not appraised equally and uniformly. *See* Tex. Const. art. VIII, § 20; Tex. Tax Code Ann.

---

[1]  Both the original lawsuit and the later consolidated lawsuits were filed before the amendment to section 42.26, whereby the substantive provisions of subsection (d) were incorporated into subsection (a)(3). For the sake of clarity, we will hereafter refer to the former section 42.26(d) in force at the time the action was commenced and not the current section 42.26(a)(3). *See* Act of June 20, 2003, 78th Leg., R.S., ch. 1041, 2003 Tex. Gen. Laws 2998-99 (amended 2003) (current version at Tex. Tax Code Ann. § 42.26(a)(3) (West Supp. 2007)).

[2]  We note that the name of the appraisal district is Williamson Central Appraisal District, and not Williamson County Appraisal District as indicated in the parties' briefs.

§ 42.26(d) (West 2001).  WCAD filed a special exception, contending that the Coverts' pleadings failed to state a cause of action with respect to the three improved properties because the Coverts had alleged that only the land components, and not the entire properties, had been appraised unequally. The trial court granted WCAD's special exception and ordered the Coverts to replead.  The Coverts refused, and their case was dismissed.  The sole issue on appeal is whether the trial court erred in granting WCAD's special exception and in dismissing the claims after ruling that the Coverts had omitted an element of their cause of action, namely that their property was appraised unequally under section 42.26 of the tax code.  Holding that the trial court did not err because the statute requires a taxpayer to challenge the appraised valuation of the entire improved property and not merely its component values, we affirm.

**BACKGROUND**

The properties involved in this litigation are five tracts ranging from approximately 5 to 87 acres, three of which are improved with Covert car dealerships, located on Highway 79 in Williamson County.[3]  Each property was listed on WCAD's appraisal roll in a separate account.  For each of the improved properties, WCAD separately listed values for the land and for the improvements in its records, as is required by section 25.02 of the tax code.  *See* Tex. Tax Code Ann. § 25.02(a) (West 2001).  Deposition testimony from WCAD appraisers explained that all three improved properties had extensive "site improvements," including parking lots and landscaping, that were constructed in order to prepare the properties for use as car dealerships.  WCAD offered further

---

[3] Besides the three tracts that are improved with car dealerships, there is also a "wraparound" tract that connects each of the three dealership properties to a back road and provides drainage for the other tracts.  The largest tract is unimproved and is currently designated for agricultural use.

testimony that it includes site-improvement values in its computation of the land component of an appraisal.

This case began when the Coverts filed suit in district court challenging WCAD's valuations of the five tracts for the 2001 tax year. The next year, while the 2001 case was pending, the Coverts filed an amended petition adding a challenge to the valuations for the 2002 tax year. In a different case later consolidated with the original, the Coverts appealed for tax years 2003 and 2004. Therefore, the case before us involves four tax years.

Following consolidation, the Coverts' second amended petition modified their challenge to appeal the valuation of "the land portion only" of each of the properties. They argued that, when compared to other vacant, unimproved parcels of land along Highway 79, the land underlying their car dealerships had been appraised unequally. WCAD responded by filing a special exception, alleging that the tax code does not provide a remedy for a taxpayer who claims unequal appraisal only as to the land portion of an improved property and that, because the Coverts had abandoned their claim that the entire properties were unequally appraised, their pleadings failed to state a cause of action with respect to the three improved properties. The trial court granted WCAD's special exception and ordered the Coverts to replead their cause of action that the subject property—"the entire property"—is appraised unequally under section 42.26 of the tax code. Upon the Coverts' refusal to replead, the trial court dismissed the case.[4]

---

[4] At the hearing, the parties discussed but do not appear to have resolved the issue of whether granting WCAD's special exception would have any effect on the Coverts' challenge as to the two unimproved properties. When asked by the trial court if they would pursue their claim on those two tracts, the Coverts admitted, "the money in this is in [the improved parcels]" and that without a favorable ruling allowing them to plead and prove the theory that the land component could be challenged separately, they "would be dead essentially" on their entire case. The order granting

**DISCUSSION**

*Standard of review*

The Coverts argue on appeal that the trial court erred in dismissing their case upon granting WCAD's special exception. When a trial court dismisses a case upon special exceptions for failure to state a cause of action, we review that issue of law de novo. *Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex. App.—Austin 1999, no pet.). In so doing, we must accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in the respondent's pleadings. *Id.* If a pleading does not state a cause of action, the trial court does not err in dismissing the entire case. *Id.*

In this case, both the trial court's ruling on the special exception and its dismissal of the Coverts' claim were premised on its interpretation that section 42.26 requires a taxpayer to challenge the entire appraisal of improved property. Addressing whether this was the intent of the legislature is a matter of statutory construction, which we review de novo. *See Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

*Plain meaning of section 42.26*

The issue of whether section 42.26 authorizes a taxpayer to challenge a single component of the assessor's appraisal of improved land is one of first impression.[5] In our

---

dismissal referred to all five of the properties in the consolidated case; however, because the Coverts failed to raise an appellate point concerning either the unimproved agricultural tract or the wraparound tract, they have waived error with respect to the dismissal of their appeal of those two properties. *See* Tex. R. App. P. 38.1(h).

[5] The same claim appears to have been raised in only one other Texas case, *Reliance Insurance Co. v. Denton Central Appraisal District*, 999 S.W.2d 626 (Tex. App.—Fort Worth 1999, no pet.). The court did not reach the issue, however, having decided that case on other grounds. *Id.* at 627.

4

interpretation of this section, we are bound by well-settled rules of statutory construction. First and foremost, we are required to follow the plain meaning of the statute. *Meno v. Kitchens*, 873 S.W.2d 789, 792 (Tex. App.—Austin 1994, writ denied). If the language of the statute is unambiguous, then we must seek the legislative intent as found in the plain and common meaning of the words and terms used. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994). In applying the plain and common meaning of the language, we may not enlarge the meaning of any word in the statute beyond its ordinary meaning; such implication is inappropriate when intent may be gathered from a reasonable interpretation of the statute as it is written. *Id.* at 241.

Section 42.26 provides:

> The district court shall grant relief on the ground that a property is appraised unequally if the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted.

Tex. Tax Code Ann. § 42.26(d) (West 2001).

The Coverts argue that nothing in the language of 42.26 requires them to challenge the appraised value of every item that comprises "property" in order to state a claim under that section. Noting that the indefinite article "a" precedes the first mention of the word "property" in section 42.26, but that the definite article "the" comes before the second mention, the Coverts conclude that the clear intent of the legislature was to narrow the median test "to whichever matter or thing was selected for challenge by the property owner." In other words, if a property owner elects to challenge as "a" property only the land portion of improved property, then the median test must be applied exclusively to the land as "the" property in issue.

5

We do not agree, however, that the choice of article antecedent to the word "property" in section 42.26 is clear evidence of the legislature's intent in this regard. Rather, we conclude from the plain language of the statute that whatever property is *appraised* must be valued equally in relation to other comparable properties. In the case of an improved property, such as one of the Covert car dealerships, a single appraised value is given to the entire property, which represents the total value of the land, the buildings, and the various site improvements, including all parking lots, curbing, and landscaping. So long as that valuation is an equal and uniform assessment, we cannot support overturning it because the land component is valued too high or the improvement component too low. While evidence that only the land or only the improvements were assessed unequally is certainly relevant to the taxpayer's challenge, he cannot prevail unless he can show that the appraised value of the improved property is not equal or uniform.

In deposition testimony read at the hearing on the special exception, the Coverts' independent appraiser admitted that even if the land component of a property is appraised unequally, the entire property is "not necessarily" appraised unequally. We agree with the trial court that completely fair appraisals should not be overturned simply "because one component or the other is subject to attack without some showing that the overall appraisal is incorrect." We emphasize, however, that a taxpayer need not bring evidence concerning every component in a challenge under section 42.26; rather, he may take issue only with the value given to the land or only with the value given to the improvement, so long as he can show that, as a result, his entire improved property was appraised unequally in violation of the statute.

In support of their position, the Coverts point to a provision in the tax code wherein the appraisal district is required to separately list values for land and improvements in its own

records as evidence that the legislature contemplated allowing separate challenges to these component values. *See id.* § 25.02(5), (6) (West 2001). They also argue that the predecessor statute to section 25.02, which did not require the separate listing of the land and improvement components on the appraisal roll, should be viewed as evidence that the legislature intended for each appraised component value to give rise to a separate challenge. Again, however, we note that although the appraisal roll may contain two or more component values in its record for a single property, there is only one assessed value to which the taxpayer may bring a challenge. The separate values for land and improvements are not certified to the taxing units that impose the tax, nor are they included in the tax bill to the property owner. *See id.* §§ 26.01(c), 31.01 (West 2001). Although the land and improvement values may present contestable issues, we hold that the total improved property value—which includes both the land and improvement components—is the only appraised value that the taxpayer may appeal.[6]

In support of our reading of the plain language of section 42.26, we note that under the tax code, "appraised value means the value determined as provided by Chapter 23 of this code." *Id.* § 1.04(9) (West 2001). Chapter 23 dictates that all taxable property is appraised at its market value. *Id.* § 23.01(a), (b). Moreover, each property shall be appraised based upon the individual characteristics that affect the property's market value. *Id.* § 23.01(b). Land that is improved with a car dealership, as well as other site improvements, has different individual characteristics affecting

---

[6] As mentioned above, our holding in this case does not require a taxpayer to allege that every component value is incorrect in order to state a claim under section 42.26. If the Coverts had pled that their land was valued unequally and that this resulted in an unequal assessment for the entire appraised value given to their respective car dealerships, they would have satisfied the statutory requirements. They were not required to plead and prove that both the land and the improvements were valued unequally.

its market value than undeveloped, "raw" land. Because section 42.26 uses the "appraised value" of the subject property as the basis for comparison and, by statute, appraised value is market value, we do not agree with the Coverts that the legislature intended to allow taxpayers to challenge the component values of their property in isolation from a consideration of the total assessed value of the property.

In holding that "appraised value" encompasses both the land and the improvement value for the purpose of challenges brought under section 42.26, we find persuasive the reasoning of the Dallas court in its interpretation of "appraised value" under section 23.23 of the tax code. *See Bader v. Dallas County Appraisal Dist.*, 139 S.W.3d 778 (Tex. App.—Dallas 2004, pet. denied). *Bader* concerned the application of that section's ten percent cap on appraised valuation, which provides that the appraised value of a residence homestead may not increase more than ten percent annually. *See* Tex. Tax Code Ann. § 23.23 (West Supp. 2007). Bader had argued that the cap ought to be applied separately to the land and the improvement components of his property, claiming that section 23.23 must be read in conjunction with the definitions of "property" in section 1.04 and in light of the separate listing requirement of section 25.19(f). *Bader*, 139 S.W.3d at 781.

Rejecting this interpretation, the Dallas court held that the legislature did not intend the cap to be applied separately to the land and the improvements, despite the fact that the legislature required the separate listing of land and improvement values in the notice of appraised value under section 25.19(f). *Id.* The court found no language linking section 25.19(f) to the cap provisions in section 23.23 and concluded that the separate listing requirement in section 25.19(f) exists only so that the property owner can identify the value set for the component parts of his real property to determine whether he should contest an appraised value set by the appraisal district. *Id.* at 781-82.

8

"That purpose, to give 'notice' of the appraised value, does not translate into a requirement that an appraisal district apply the ten percent cap separately to the land and then to the improvements." *Id.*

Likewise, there is no evidence in this case that the legislature intended the separate listing requirement contained in section 25.02 to have any effect on challenges to appraised value brought under section 42.26. There is no language linking section 25.02 to section 42.26, and section 25.02 itself appears to be only an administrative provision addressing the "form and content" of records maintained by the appraisal district. *See* Tex. Tax Code Ann. § 25.02 (West 2001). The Coverts cite to no authority suggesting that section 25.02 provides a basis for bringing separate challenges to land and improvement values as separate "appraised values" under section 42.26 or that section 25.02 is anything but a clerical or administrative requirement.

The Coverts further argue that this construction of section 42.26 will lead to absurd results with regard to the appraisal of mineral interests and timber. They allege that someone who owns such an interest would never be able to challenge the equality and uniformity of the tax assessment of the minerals or timber without also having to challenge the land and any improvements on the land. We disagree. The tax code provides that where timber or mineral interests are held as separate estates by someone other than the landowner, they are listed separately on the tax rolls in their respective owner's name. *See id.* §§ 25.10, .12. It is clear that in these circumstances, the legislature contemplated that separate challenges could originate from the owner of a mineral or timber interest, unrelated to an action concerning the valuation of the overlying land. Had the legislature intended the same result in the case of improved property as it did in cases involving separately-owned mineral or timber interests, it would have explicitly provided that remedy in the code.

9

We therefore hold that a taxpayer challenging the equal and uniform assessment of an improved property under section 42.26 must allege that the overall appraised value of the property is unequal. While he is not prevented from bringing evidence that only the land or only the improvement was unequally assessed, the taxpayer must allege that the value of the improved property was appraised unequally in order to state a cause of action under section 42.26.

## CONCLUSION

Because the trial court did not err in granting the dismissal, we affirm.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: November 30, 2007